S97Y1380. IN THE MATTER OF JOHN D. J. BLOODWORTH.
(491 SE2d 366)

PER CURIAM.

Although the State Bar initiated this disciplinary proceeding under the provisions of Bar Rule 4-106, where an attorney has been convicted of a felony or misdemeanor involving moral turpitude, the case is now before the court on Respondent John D. J. Bloodworth's petition for the voluntary surrender of his license to practice law. The State Bar has no objection to Bloodworth's petition, and the special master recommends the court accept it. We have reviewed the record, and accept Bloodworth's petition, as well as the conditions he proposes for reinstatement.

Following Bloodworth's guilty plea on two felony counts of giving false statements in violation of OCGA § 16-10-20, the State Bar filed its Petition for Appointment of Special Master under Bar Rule 4-106, and the court appointed a special master. Bloodworth then filed a Petition for Voluntary Discipline, admitting his convictions and his violation of Standard 66 of Bar Rule 4-102 (d) (conviction of a felony

or misdemeanor involving moral turpitude), and proposing a three-year suspension, with various conditions. Shortly thereafter, Bloodworth amended his petition, proposing to surrender his license and to fulfill various conditions before he may be considered for reinstatement. As noted, the State Bar does not object to Bloodworth's amended petition and his surrender of his license, and the special master recommends the court accept it.

The facts underlying Bloodworth's crimes involve his preparation of false documents in his attempts to finance a car for his personal use. Bloodworth pled guilty to Count I, falsifying a material fact by signing his law partner's name to a Georgia Certificate of Title and County Vehicle Registration Form, and delivering that form to a car dealership in order to purchase an automobile for his personal use. Bloodworth also pled guilty to Count II, falsifying a material fact and making and using a document which contained a fraudulent and fictitious entry in a matter within the jurisdiction of an agency of the State of Georgia. In particular, the State charged Bloodworth with creating a letter on Georgia Department of Revenue letterhead falsely purporting to have been prepared by an agent of that department and indicating a non-existent agreement between the agent and Bloodworth to subordinate state tax liens. Bloodworth then delivered that document to a loan company to obtain funds on the refinancing of his home.

In his pleadings and his correspondence with State Bar counsel, Bloodworth stated that he acted as he did in order to obtain a car, which he was unable to do on his own because of his poor credit. When he realized his difficulties, he then attempted to finance the loan for the car without causing his partner to become liable, by obtaining a refinancing of his home mortgage, for which he prepared the false letter from the Georgia Department of Revenue. Bloodworth points out that his criminal conduct did not relate to or cause any harm to any client. He also claims that he engaged in the criminal conduct in part as a result of a mental impairment which is manifested in personal financial and debt-related mismanagement.

In his amended petition, Bloodworth, in addition to the surrender of his license to practice in this state, proposes that he meet the following four conditions before he may be considered for reinstatement: (1) that he submit at least six certified letters to professors of professional responsibility and ethics at ABA-accredited law schools offering to speak to the professors' classes regarding this matter and the ethical violation and consequences associated with it; and that Bloodworth conduct the speaking engagements at his personal expense; (2) that he volunteer on an unpaid basis to assist the State Bar, as may be requested by the State Bar, in the set-up, manual labor, and meeting management tasks needed to organize and com-

plete training sessions for newly-admitted attorneys and/or training sessions for panels or individuals under the leadership of the Office of General Counsel, such as handling the hands-on set-up and assistance for training sessions for special masters and members of the Investigative Panel; (3) that he attend at least twenty-four meetings of Debtors Anonymous or a similar program, and show certified evidence of his attendance; (4) that during the term prior to reinstatement, and thereafter if recommended by the representatives of the Lawyer Assistance Program/Lawyer Impairment Program of the State Bar of Georgia, he complete the recommended program to deal with Bloodworth's admitted mental impairment which is manifested in personal financial and debt-related mismanagement. Bloodworth authorizes the Office of General Counsel to monitor his condition, and Bloodworth releases any party involved in the process from any limitations on confidentiality.[1]

We have reviewed the record and agree to accept Bloodworth's petition for voluntary surrender of his license to practice in this state, which is tantamount to disbarment. He may not be considered for reinstatement until he meets the four conditions set forth in his amended petition and the remaining reinstatement provisions of Chapter 3 of Part IV of the Bar Rules.

*Petition for voluntary surrender of license accepted. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[1] As an additional condition for reinstatement, Bloodworth proposed that he be required to pass the MPRE. However, as noted by the special master, Bloodworth's reinstatement is governed by the reinstatement provisions of Chapter 3 of Part IV of the Bar Rules, which include a requirement of passing the MPRE. Bar Rule 4-305.